aEE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN THREAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 4684 |
| | ) |
| LASALLE COUNTY, | ) |
| a municipal corporation, | ) Judge Ruben Castillo |
| THOMAS TEMPLETON, | ) |
| Sheriff of LaSalle County, | ) |
| DEPUTY WEBER, | ) |
| a LaSalle County Sheriff Deputy Officer, | ) |
| in his individual capacity | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Johnathan Threat ("Threat") filed this suit against LaSalle County Sheriff Thomas Templeton ("Sheriff Templeton"), LaSalle County Deputy Sheriff Officer Weber ("Deputy Sheriff Weber"), and LaSalle County (collectively, "Defendants") for alleged violations of state law and the Fourth Amendment. (R. 7, Am. Compl.) Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 14, Defs.' Mot.) For the reasons stated below, the motion is denied.

## BACKGROUND

On September 17, 2009, Threat was being held in pretrial custody at the LaSalle County Jail. (R. 7, First Am. Compl. ¶ 5.) That day, at approximately 3:00 p.m., Threat was attacked by another inmate. (*Id.* ¶ 6.) Deputy Sheriff Weber gave a direct order for Threat to disengage from the physical altercation, and Threat immediately complied. (*Id.* ¶ 7.) After disengagement, Threat alleges that Deputy Sheriff Weber, "without any cause or legal provocation," tackled him.

(*Id.* ¶ 8.) According to Threat, Deputy Sheriff Weber's action "caus[ed]] severe pain in [Threat's] left ankle." (*Id.*) Adding insult to injury, Deputy Sheriff Weber also allegedly pinned Threat to the ground and mocked him. (*Id.*) Threat alleges that he not only asked Deputy Sheriff Weber to stop "causing him pain," but also requested medical attention. (*Id.* ¶ 9.)

Threat filed his first amended complaint on September 24, 2010. (*Id.*) In Count I, Threat sets forth a state battery claim against Sheriff Templeton. (*Id.* ¶¶ 10-12.) While he does not allege that Sheriff Templeton physically harmed him, he asserts that Sheriff Templeton is responsible for Deputy Sheriff Weber's actions under the "principle of *respondeat superior*." (*Id.* ¶ 12.) In Count II, Threat presents an excessive force claim against Deputy Sheriff Weber. (*Id.* ¶¶ 13-14.) Finally, in Count III, Threat asserts an indemnification claim against LaSalle County. (*Id.* ¶ 16.)

Defendants filed a motion to dismiss on October 21, 2010. (R. 14, Defs.' Mot.) In their motion, Defendants present a series of underdeveloped and confused arguments. At its core, Defendants' motion seems to suggest that the Court lacks jurisdiction to hear this case. (*See id.* ¶¶ 5-8.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff

has a right to relief, raising that possibility above a 'speculative level[.]'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "Plausibility" in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 514 F.3d 400, 404 (7th Cir. 2010). Rather, to survive a motion to dismiss under Rule 12(b)(6), the "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* In other words, "the court will ask itself *could* these things have happened, not *did* they happen." *Id.*

## ANALYSIS

Defendants' motion confuses and conflates several concepts. Initially, the Court notes that if Defendants' motion is based on some jurisdictional deficiency, it should have been brought under Rule 12(b)(1) (if there is a lack of subject-matter jurisdiction), or Rule 12(b)(2) (if there is a lack of personal jurisdiction). *See* Fed. R. Civ. P. 12. Put simply, if the perceived defect is jurisdictional, then Rule 12(b)(6) is not the proper procedural vehicle for testing Threat's case.

Defendants compound this initial error by failing to clearly identify any jurisdictional defect. Read generously, Defendants' motion seems to suggest that federal subject-matter jurisdiction is improper because "[t]here are no allegations that the action is brought pursuant to 42 U.S.C. Section 1983[.]" (R. 14, Defs.' Mot. ¶ 5.) While ideally Threat's complaint would have invoked Section 1983, the Federal Rules of Civil Procedure do not require plaintiffs to plead law or a legal theory. *See* Fed. R. Civ. P. 8; *Rabé v. United Air Lines, Inc.*, No. 09-3300, 2011 WL 677946, at *5 (7th Cir. Feb. 28, 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error.") (citations omitted); *Bartholet v.*

3

*Reishauer A.G. (Zurich)*, 953 F.3d 1073, 1077-78 (7th Cir. 1992) ("Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this.").

Throughout their submissions to the Court, Defendants also confusingly suggest that "the most appropriate jurisdiction for essentially a battery case is in state court and, more appropriately, the Circuit Court of LaSalle County, Illinois, where the incident took place." (R. 14, Defs.' Mot. ¶ 6.) Defendants' attempt to attack federal jurisdiction by claiming that this case is "essentially a state court battery action" ignores a well-established principle of federal jurisdiction: the plaintiff is the master of the claim, and the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). In determining whether federal jurisdiction exists, the Court will look to the complaint, not a defendant's conveniently essentialized version of its allegations.

To be clear, federal jurisdiction exists. While Threat's complaint is far from a model of legal draftsmanship, it does contain a federal claim which confers jurisdiction under 28 U.S.C. § 1331. Specifically, Threat's excessive force claim is presented as a Fourth Amendment violation, (R. 7, First Am. Compl. ¶ 8), and thus plainly arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

Despite the repeated references to "jurisdiction," Defendants' motion is actually attacking the sufficiency of the allegations in Threat's complaint. In doing so, Defendants rely upon the

Seventh Circuit's decisions in *Henderson v. Sheahan*, 196 F.3d 839 (7th Cir. 1999) and *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 1999). The basis for this reliance, however, is unclear–both *Henderson* and *DeWalt* involved alleged Eighth, not Fourth, Amendment violations. *See* 196 F.3d at 843; 224 F.3d at 619-20. While Defendants attempt to overcome this problem by arguing that Eighth Amendment standards can be used in the context of Fourteenth Amendment Due Process protections for pretrial detainees, they fail to provide any useful analysis to support this proposition. (*See* R. 14, Defs.' Mot. ¶ 6.) Moreover, this assertion is not helpful as Defendants fail to establish that the Fourteenth Amendment's Due Process Clause, as opposed to the protections provided by the Fourth Amendment, apply in this case.[1] The Court will not develop the missing links in Defendants' logic. *See Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (noting that the "federal courts will not invent legal arguments for litigants"); *Nilssen v. Gen. Electric, Co.*, 06 C 04155, 2011 WL 633414, at *9 (N.D. Ill. Feb. 11, 2011) (observing that in our adversarial system, "judges are not to supplant lawyers and perform their job of crafting and developing arguments").

Defendants' remaining arguments are similarly underdeveloped, and therefore fail to persuade the Court to dismiss any portion of Threat's complaint at this point.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (R. 14) is DENIED. The parties are directed to reevaluate their settlement positions in light of this opinion and to fully exhaust all efforts to settle this case. The parties shall appear for a status on March 30 at 9:45 a.m. to set a firm

---

[1] The Court notes that the constitutional provision implicated in this case may depend on whether Threat was arrested with a warrant. *See Filipek v. Krass*, 576 F. Supp. 2d 918, 922 (N.D. Ill. 2008).

litigation schedule.

                                                 **Entered:** _____
                                                                          **Judge Ruben Castillo**
                                                                          **United States District Court**

**Dated:** March 9, 2011